SLEEPER & CO. *v.* EMERY.

A contractor has no attachable interest in buildings erected by him on land of another, under a contract for a stipulated sum payable in instalments as the work progressed to the satisfaction of the owner of the land, the contract having been abandoned when the buildings were partially completed, and the contract price partly paid.

A party furnishing materials for the erection of such buildings can secure a lien thereon only by giving notice in the statutory mode; and a levy and sale on execution of the buildings, as personal estate of the contractor, will pass no title to the purchaser.

TROVER, for a house and stable. Facts agreed. One Colton made a contract with the defendant to build a house and stable on the defendant's land, on foundations made by the defendant, for the sum of $2,100, payable in instalments, the work to be done under the superintendence and to the satisfaction of the defendant, and to be completed at a time fixed; and Colton agreed to deliver up the buildings in perfect order and condition. Colton entered upon the work, but before he had completed the buildings, and after he had been paid by the defendant under the contract the sum of $1,600, abandoned the job and ran away, and the defendant completed the buildings at a cost of $800.

After Colton had left the state, the plaintiffs, who had furnished building materials, brought suit therefor against Colton, and attached the buildings for the purpose of enforcing the lien which they claimed thereon. Judgment was rendered and execution issued against Colton, the buildings levied upon and sold at public auction as personal property and bid off by the plaintiffs, who demanded possession thereof of the defendant, and upon his refusal to deliver them up brought this action.

*Barnard & Barnard*, for the plaintiffs.

*A. P. Carpenter*, for the defendant.

CLARK, J. The buildings to which the plaintiffs claim the right of possession were built for the defendant on his land. Colton agreed to erect the buildings upon the foundations prepared by the defendant for the sum of $2,100, to be paid in instalments,—$500 when the buildings were raised and boarded, $500 when the outside was completed, $600 when the plastering was finished, and the remaining $500 when the buildings were completed. Colton abandoned the contract after receiving $1,600 for labor and materials furnished under it, and the defendant completed the buildings at an expense exceeding the contract price. Upon these facts Colton had no title

to the buildings.   It was never understood that he was the owner.
This is not a case of buildings belonging to the builder, though
erected on land of another by permission of the owner of the land.
In such a case the buildings do not become a part of the realty, but
are personal property, and the owner may sell or remove them.
But in this case the buildings were built for the defendant.   The
work was done under his superintendence ; and if the buildings were
not regarded as accepted as fast as the work progressed, from the
necessity of the case, upon payment of each instalment of the price,
the title to the buildings so far as then completed passed to the
defendant.   2 Pars. Cont. 29.   The plaintiffs therefore have
no title and no right of possession to the buildings, because
they derived none from Colton under whom they claim.   At the
time when the windows were furnished by the plaintiffs, for which
they claim a lien, Colton was not the owner of the buildings, but a
contractor merely; and the plaintiffs, having neglected to avail
themselves of the statutory provisions for securing a lien in such
cases, have no cause of action against the defendant upon the facts
appearing in this case.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.